UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER HERNANDEZ,<br><br>Plaintiff,<br><br>-against-<br><br>WESTCHESTER COUNTY JAIL DEPT. OF CORRECTIONS BOOKING SEARCH,<br><br>Defendant. | 26-CV-7026 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff Peter Hernandez ("Plaintiff"), who currently is detained at the Westchester County Jail ("WCJ"), brings this action, pro se, under 42 U.S.C. § 1983, asserting claims arising from strip searches at WCJ. He sues "Westchester County Jail Dept. of Corrections Booking Search," which the Court understands to be the Westchester County Department of Corrections ("WCDOC"). By order dated September 25, 2026, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1]

For the reasons set forth below, the Court (1) dismisses the WCDOC as a defendant, and adds the County of Westchester (the "County") as a Defendant pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"); (2) directs service on the County; (3) directs the Clerk of Court to add as a defendant, under Rule 21, "John Doe Correction Officers 1-5"; and (4) directs the County, under *Valentin v. Dinkins*, to assist Plaintiff and the Court identify the John Doe correction officers whom he alleges conducted the strip searches.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### A. The Westchester County Department of Corrections

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "In pro se actions, courts can and have, under Rule 21, dropped an institutional defendant when it is an improper defendant and, under that same rule, substituted that dropped defendant by adding the proper institutional defendant." *Hayes v. Westchester Med. Ctr.*, No. 25-CV-10273, 2026 WL 412121, at *1 (S.D.N.Y. Feb 13, 2026). Courts have also invoked Rule 21 to add a municipality as a defendant in an action, even though the municipality was not named as a defendant in the complaint, because it was clear that the plaintiff intended to name the municipality as a defendant but mistakenly did not do so. *See, e.g., Glover v. N.Y.C. Dep't of Corrs.*, No. 25-CV-1174, 2025 WL 756327, at *1 (S.D.N.Y. Feb. 18, 2025).[2]

Because the WCDOC is an entity of Westchester County, the Court replaces this Defendant with the County pursuant to Rule 21. *See Rodriguez v. Dutchess Cnty. Justice & Transition Ctr.*, No. 26-CV-2673, 2026 WL 1649609, at *2 (S.D.N.Y. June 8, 2026) (substituting

[2] Generally, "[u]nder New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *see also Edwards v. Arocho*, 125 F. 4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter."); N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Under Rule 21, courts have substituted municipalities for their agencies as defendants. *See, e.g., Andradez v. Orange Cnty. Sheriff's Office*, No. 20-CV-2050, 2020 WL 3618410, at *2–3 (S.D.N.Y. July 1, 2020) (substituting Orange County for the Orange County Sheriff's Office, which the plaintiff named in the complaint).

the County of Dutchess for the DCJTC as a Defendant pursuant to Rule 21); *see also Garcia v. Dutchess County*, 43 F. Supp. 3d 281, 301 (S.D.N.Y. 2014) ("[T]he Dutchess County Sheriff's Office contends that it is not a suable entity . . . . [A]s Dutchess County itself remains a defendant in this action, [Plaintiff] will not be prejudiced by the removal of the Sheriff's Office as a named defendant."), *aff'd in part, dismissed in part*, 603 F. App'x 61 (2d Cir. 2015) (summary order). The Court's adding of the County of Westchester as a Defendant in this Action will not prejudice any defenses it may raise in this Action.

**B. Service on the County**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the County through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Westchester County. The Clerk of Court is further instructed to

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Complaint is not served within 90 days from the date that summonses for the Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). Failure to timely serve Defendants, or to seek an extension of time to do so, could result in dismissal of the case.

issue a summons for the County and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C. Adding John Doe Correction Officers**

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). A court can, under Rule 21, "add[] individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 25-CV-284, 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

In the Complaint, Plaintiff alleges that, on August 4, 2026, an unspecified number of correction officers at WCJ violated his constitutional rights when they strip-searched him before and after leaving the jail for a court hearing. Accordingly, and in light of Plaintiff's *pro se* status, the Court directs the Clerk of Court to add "John Doe Correction Officers 1-5" as Defendants in

this action, under Rule 21.[4] The addition of these individuals as Defendants in this Action is without prejudice to any defenses that these Defendants may assert in this action.

### D. *Valentin* Order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to permit the County to identify the John Doe WCJ correction officers whom Plaintiff alleges strip-searched him on August 4, 2026. It is therefore ordered that the Westchester County Attorney, who is the attorney for and agent of the County, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where each defendant may be served. The Westchester County Attorney must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will review it and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs the Clerk of Court to dismiss the WCDOC and to add the

[4] The Court added "John Doe Correction Officers 1-5" as a placeholder; the actual number of correction officers involved may be more or less than five.

County of Westchester as a Defendant in this Action. The Court further directs the Clerk of Court to: (1) issue a summons for each Defendant; (2) complete the USM-285 form with the service address for each Defendant; and (3) deliver all documents necessary to effect service of a summons and the complaint on each Defendant to the U.S. Marshals Service.

The Clerk of Court is further directed to add "John Doe Correction Officers 1-5" as Defendants under Fed. R. Civ. P. 21.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the Westchester County Attorney at 148 Martine Avenue, 6th Floor, White Plains, New York 10601.

SO ORDERED.

Dated: October 9, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Westchester County
Westchester County Attorney's Office
148 Martine Avenue
White Plains, NY 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________________
______________________________________________
______________________________________________

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

**-against-**

______________________________________________
______________________________________________
______________________________________________
______________________________________________
______________________________________________
______________________________________________
______________________________________________
______________________________________________

Jury Trial: ☐ Yes ☐ No
(check one)

**___ Civ. _________ (   )**

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's
Name_______________________________________________________________
ID#_________________________________________________________________
Current Institution___________________________________________________
Address_____________________________________________________________
___________________________________________________________________

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name ____________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address ___________________________________________________________
_________________________________________________________________

Defendant No. 2 Name _____________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address ____________________________________________________________
____________________________________________________________________

Defendant No. 3 Name _____________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address ____________________________________________________________
____________________________________________________________________

**Who did what?**

Defendant No. 4 Name _____________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address ____________________________________________________________
____________________________________________________________________

Defendant No. 5 Name _____________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address ____________________________________________________________
____________________________________________________________________

**II. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?

__________________________________________________________________________
__________________________________________________________________________

B. Where in the institution did the events giving rise to your claim(s) occur?

__________________________________________________________________________

C. What date and approximate time did the events giving rise to your claim(s) occur?

__________________________________________________________________________
__________________________________________________________________________
__________________________________________________________________________

D. Facts:_________________________________________________________________

**What happened to you?**

__________________________________________________________________________
__________________________________________________________________________
__________________________________________________________________________

________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________

Was anyone else involved?

Who else saw what happened?

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ____ Do Not Know ____

If YES, which claim(s)?
_______________________________________________________________________

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_______________________________________________________________________

1. Which claim(s) in this complaint did you grieve?
_______________________________________________________________________
_______________________________________________________________________

2. What was the result, if any?
_______________________________________________________________________
_______________________________________________________________________

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:
_________________________________________________________________
_________________________________________________________________
_________________________________________________________________

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V. Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). ______________________________

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

**VI. Previous lawsuits:**

**On these claims**

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ______________________________________________
Defendants ______________________________________________

2. Court (if federal court, name the district; if state court, name the county) ________________
______________________________________________________________________

_______3. Docket or Index number ______________________________________________

_______4. Name of Judge assigned to your case______________________________________________

5. Approximate date of filing lawsuit ______________________________________________

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition____________________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ________________________________
______________________________________________________________________
______________________________________________________________________

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____ No ____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ______________________________________________
Defendants ______________________________________________

2. Court (if federal court, name the district; if state court, name the county) ___________
______________________________________________________________________

_______3. Docket or Index number ______________________________________________

_______4. Name of Judge assigned to your case______________________________________________

5. Approximate date of filing lawsuit ______________________________________________

6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition_________________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ______________________________
   ________________________________________________________________________
   ________________________________________________________________________

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _______________, 20___.

Signature of Plaintiff ______________________________________

Inmate Number ______________________________________

Institution Address ______________________________________

______________________________________

______________________________________

______________________________________

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: ______________________________________